**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHANNON L. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 10-cv-150-WDS-PMF |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Plaintiff, Shannon L. Martin, seeks judicial review of a final decision of the Commissioner of Social Security denying her October, 2005, application for disability insurance benefits. Martin's application was denied on July 14, 2008, following an administrative determination that she was not disabled. That decision became final when the Appeals Council declined to review the decision reached by an Administrative Law Judge (ALJ). Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the

claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).

The ALJ evaluated Martin's claim through Step 4 of the sequential analysis. At Step 2, the ALJ found that Martin had a severe impairment, identified as lumbar spine degenerative disc disease. At Step 4, the ALJ decided that Martin retained the capacity to perform a range of light work, which allowed her to return to her former job as a waitress/hostess, as that job is generally performed (R. 10- 19).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). This Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

### I. ALJ's Assessment of the Credibility of Martin's Testimony

Martin argues that the ALJ violated Social Security Ruling 96-7p by overlooking important evidence reflecting on the credibility of her testimony. Defendant responds that substantial evidence supports the ALJ's conclusion that Martin's ability to return to work was not significantly impaired

by medication side effects. This is not a particularly helpful response. This aspect of Martin's brief challenges the ALJ's credibility assessment on the basis of legal error. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009)(recognizing legal error as a separate basis for reversal). In this context, the issue is not whether the record reasonably supports the ALJ's conclusion but whether the ALJ followed the legal rules by considering the important evidence.

Credibility assessments require consideration of all the evidence in the record. Evidence that a claimant takes medication prescribed for relief of symptoms and experiences debilitating side effects must be considered along with objective medical evidence. 20 C.F.R. § 404.1529(c)(3), SSR 96-7p.

Martin described stabbing, throbbing pain that was "pretty much constant." (R. 35-36). She estimated that she could lift items weighing six to eight pounds, sit for an hour, and stand for 45 minutes (R. 32-33). She also testified that she was taking Effexor XR, Prevacid, Ambian, Hydrocodone, and Flexeril, and said these medicines caused side effects that prevented her from working. Specifically, the combination of medicine made her feel "loopy," meaning that she was dysfunctional and off-balance (R. 38-39). The effects were sufficiently worrisome to keep Martin from driving (R. 39). Hydrocodone is an opioid analgesic, indicated for treatment of moderate to moderately severe pain. *Physician's Desk Reference* 3143 (63rd ed. 2009).

The ALJ proclaimed that the entire record had been carefully reviewed and that symptoms were considered in accordance with the requirements of SSR 96-7p (R. 15). Although the ALJ identified the applicable legal standard, the body of the decision shows that the ALJ overlooked important testimony. In particular, the ALJ mentioned that Martin was discharged with a prescription for Darvocet in May, 2006, and found "no evidence" that Martin sought or received further treatment for her back pain (R. 14). These remarks show that the ALJ did not consider

Martin's testimony that (1) her ailments were medically treated with Effexor, Prevacid, Ambian, Hydrocodone, and Flexeril and (2) those medications had debilitating side effects (R. 14, 16-17). The error is significant because a reasonable ALJ could conclude that this evidence lends support to Martin's description of her symptoms and limitations. This case should be remanded for consideration of all the evidence and a new decision regarding Martin's credibility.

## II.     ALJ's Assessment of Obesity

Plaintiff also challenges the ALJ's assessment of her obesity. She maintains that this was a severe impairment and should have been evaluated in conjunction with her lumbar ailment. Defendant responds that the ALJ reasonably considered evidence of obesity and properly noted the absence of evidence connecting this ailment to particular functional limitations.

In adults, obesity is classified according to clinical guidelines. A person with a body mass index (BMI) of 41.95 is classified at level III, termed "extreme" and "representing the greatest risk for developing obesity-related impairments." SSR 02-01p. Obesity is a severe impairment when the effect on an individual's ability to do basic work activities is significant. *Id*.

Martin is obese. In May, 2007, her BMI was pegged at 41.95 (R. 287).

The ALJ recognized that Martin was overweight and acknowledged that excess weight might contribute to her allegations of disability. She noted that excess weight "has apparently not been cited in any of the medical records [as] being a contributory factor to her condition." (R. 17).

Martin does not direct the Court's attention to evidence demonstrating that excess weight prevented her from performing the work tasks of a waitress/hostess. The ALJ was entitled to take note of the absence of such evidence. There is no demonstrated error in this aspect of the decision.[1]

---

[1] Martin's height and weight were considered in conjunction with a functional capacity assessment reporting some exertional and postural limitations due to back pain (R. 260-67). This assessment does not significantly detract from the ALJ's findings.

4

### III.     Additional challenges to ALJ Credibility Assessment

Plaintiff argues that the ALJ selected evidence supporting a denial of benefits without volunteering information favorable to her claim.  Defendant responds that the ALJ reasonably concluded that Martin's subjective allegations of disabling limitations were not fully credible.

In light of the legal error identified in Section I of this Report, the Court should defer further review of the ALJ's credibility assessment.  The Commissioner should first obtain a credibility finding that is based on consideration of all important evidence.

### IV.     Conclusion

IT IS RECOMMENDED that the Commissioner's final decision regarding Shannon L. Martin's October, 2005, application for disability benefits be REVERSED and REMANDED for further proceedings and a new decision.  On remand, an ALJ shall reevaluate plaintiff's credibility.  The assessment shall be based on a consideration of all important evidence, including information regarding Martin's medications and medication side-effects.

SUBMITTED:  January 31, 2011  .

   S/Philip M. Frazier Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE